**WO**                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navel Al-Luenig Bey, | No. CV-17-00081-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Cynthia Gialketsis, | |
| Defendant. | |

At issue is *pro se* Plaintiff Navel Al-Luenig Bey's Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).

**I.   LEGAL STANDARDS**

    **A.   28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal

Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

Upon review of Plaintiff's Complaint (Doc. 1, Compl.), the Court finds that the Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Rule 8(a) requires that:

> A pleading which sets forth a claim for relief, whether an original claim, counter-claim, cross-claim, or third-party claims, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

"Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Furthermore, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

Rule 10(b) requires that:
> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later

> pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).

Moreover, Plaintiff's Complaint must give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for each claim asserted and the specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 678.

Plaintiff's Complaint falls well short of satisfying these federal pleading requirements. The large majority of Plaintiff's Complaint consists of an unorganized collection of references to various constitutional principles, citations to federal rules, and block quotations of precedent with no context or explanation of their relevance. Plaintiff lodges vague and conclusory charges of false imprisonment, dehumanization, denationalization, fraud, unauthorized arrest, unlawful search and seizure, breach of contract, and the creation of a false pretense that Plaintiff was a corporate entity. Plaintiff appears to further allege that some group of unnamed "corporate" defendants working for the State of Arizona have violated federal law and advocate for an overthrow of the government. Despite this scattershot of allegations, Plaintiff alleges no facts that would begin to imply any of his charges (to the extent those causes of action exist). Nor does Plaintiff state any intelligible basis for jurisdiction. Moreover, Plaintiff's requested relief is far from clear. (Compl. at 2 (requesting gold as a remedy for civil penalties, restitution by way of obtaining compensation received by judges for activities outside the judiciary, forced mediation, and injunctive relief of all charges upon his estate "to rebate like an ancient mind state.") At bottom, Plaintiff's Complaint is rambling, disjointed, virtually incoherent and therefore unreviewable by the Court or Defendant.

Plaintiff does cite a criminal action that is "the cause of constant threat of more or less loss of freedom" but provides no other information whatsoever on that action, the

parties allegedly involved, or how it relates to any cause of action. Indeed, Plaintiff lists only Cynthia Gialketsis as a Defendant but does not allege a single fact regarding the Defendant and fails to even mention Defendant in the body of the Complaint. To the degree Plaintiff's purported claims arise from a state court criminal action and Plaintiff seeks redress under 42 U.S.C. § 1983—which provides for a private right of action against a state actor for a constitutional violation—this Court is an improper venue. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not bring a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence was in some way reversed or invalidated. *Heck* appears to apply to some of Plaintiff's allegations. Plaintiff cannot now use a § 1983 action to challenge the any arrests that led to any conviction or subsequent imprisonment. As a result, from the facts alleged, Plaintiff does not, and cannot, state a claim under § 1983.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff may file an Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 30 days from the date of this Order. If no Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** striking Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) because Plaintiff provided insufficient detail for the Court to determine his ability to pay fees. If Plaintiff files an Amended Complaint, Plaintiff may either file an Amended Application to Proceed in District Court Without Prepaying Fees or Costs containing the required information, or pay the Court's filing fee.

Dated this 25th day of January, 2017.

Honorable John J. Tuchi
United States District Judge