**WO**                              NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navel Al-Luenig Bey, | No. CV-17-00081-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Cynthia Gialketsis, | |
| Defendant. | |

At issue is *pro se* Plaintiff Navel Al-Luenig Bey's Second Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 8).

**I.    LEGAL STANDARDS**

**A.    28 U.S.C. § 1915(e)(2)**

As the Court previously stated, (Doc. 6), for cases in which a party is permitted to proceed *in forma pauperis*, Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all *in forma pauperis* proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.* at 1127. "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the

same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

### B. Sufficiency of a Claim

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court is to construe a *pro se* plaintiff's complaint "liberally" and afford the plaintiff "the benefit of any doubt." *Watison*, 668 F.3d at 1112 (citation omitted).

## II. ANALYSIS

Upon review of Plaintiff's Amended Complaint (Doc. 7, Am. Compl.), the Court finds that the Amended Complaint still fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Moreover, Plaintiff's Amended Complaint fails to provide the proper factual basis for each claim asserted or the specific legal theory supporting each claim so as to give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Plaintiff's Amended Complaint—while different from his original Complaint—is as deficient under the Federal Rules of Civil Procedure as his first. The large majority of Plaintiff's Amended Complaint is a variation on his original Complaint, still consisting of references to various constitutional principles and citations to federal rules. Plaintiff lodges vague and conclusory charges of false imprisonment, fraud, improper seizure, domestic violence, and threat of arrest. Plaintiff fails to allege a single fact that would provide the Court, or any Defendant, with notice regarding the conduct on which he bases his purported claims. Nor does he state any intelligible basis for jurisdiction. Plaintiff also asserts that "Attorneys may not insight testimony or write statement of facts when it is a witness he lacks." (Am. Compl. at 1.) However, Plaintiff must, at the very least, lodge allegations that plausibly create a legal claim based on some facts. As the Court noted in its previous Order, it is wholly unclear who the purported Defendants in this action are,

or what conduct gave rise to Plaintiff's theoretical causes of action. The remaining allegations in the Amended Complaint include purportedly appointing this Court as a trustee, bringing an action against a receiver, trustee, or manager of property, and vague references to a securities fraud scheme. At bottom, Plaintiff's Amended Complaint remains disjointed, incomprehensible, and unsubstantiated by any fact or law and is therefore unreviewable by the Court or Defendant. The Court will provide Plaintiff one final opportunity to file a comprehensible Second Amended Complaint that complies with the Federal Rules of Civil Procedure and this Court's Orders.

**IT IS THEREFORE ORDERED** that Plaintiff's Amended Complaint (Doc. 7) is dismissed.

**IT IS FURTHER ORDERED** that Plaintiff may file a Second Amended Complaint that complies with the Federal Rules of Civil Procedure no later than 30 days from the date of this Order. If no Second Amended Complaint is timely filed, the Clerk shall dismiss this action without further Order of the Court.

**IT IS FURTHER ORDERED** striking Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 8) because Plaintiff provided insufficient detail for the Court to determine his ability to pay fees. As with Plaintiff's first application (Doc. 3), Plaintiff failed to provide any detail regarding any expenses whatsoever, or any explanation for a lack of any living expenses. If Plaintiff files a Second Amended Complaint, Plaintiff may either file a Second Amended Application to Proceed in District Court Without Prepaying Fees or Costs containing the required information, or pay the Court's filing fee.

Dated this 16th day of March, 2017.

Honorable John J. Tuchi
United States District Judge