# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Navel Al-Luenig Bey, | No. CV-17-00081-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Cynthia Gialketsis, | |
| Defendant. | |

At issue are *pro se* Plaintiff Navel Luenig's[1] Second Amended Complaint (Doc. 11) and Amended Motion for Rule 19 Joinder of Parties (Doc. 15).

**I.    BACKGROUND**

Plaintiff filed his original Complaint on January 10, 2017 (Doc. 1), along with his Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). On January 25, 2017, the Court dismissed Plaintiff's Complaint for failing to comply with Federal Rules of Civil Procedure 8 and 10(b), with leave to amend, and struck Plaintiff's Application for failing to provide any detail regarding any expenses whatsoever, or any

---

[1] Plaintiff's Complaints, including the operative pleading, were brought under the name Navel Al-Luenig Bey *a.k.a.* Navel Artur Luenig. (*See* Docs. 1, 7, 11.) However, Plaintiff filed a Motion to Substitute Parties pursuant to Federal Rule of Civil Procedure 25, seeking to substitute himself as the plaintiff under the name Navelle Luenig, so as not to "deprive the District Court of jurisdiction." (Doc. 12.) Plaintiff then filed an Amended Motion regarding the previous Motion for Joinder and Substitution, seeking to join defendants, including, apparently, himself—Navelle Luenig—and substitute the name Navel Bey as Plaintiff. To the degree the Court can discern the intent of Plaintiff's Notice and Motion, it will construe this action to be brought on behalf of Navel Bey. (*See* Doc. 15.)

explanation for a lack of any living expenses. (Doc. 6.) On February 24 and March 6, 2017, Plaintiff filed an Amended Complaint and Amended Application, respectively. (Docs. 7-8.) On March 16, 2017, the Court dismissed Plaintiff's Amended Complaint and struck his Amended Application on the same grounds it dismissed and struck the first. (Doc. 10.) Although Plaintiff has paid the requisite filing fee and chosen not to renew his Application, the Court now reviews the Second Amended Complaint for compliance with its previous Orders. (Docs. 6, 10.)

## II. ANALYSIS

The Court finds that the Second Amended Complaint still fails to comply with Federal Rules of Civil Procedure 8 and 10(b). Moreover, Plaintiff's Amended Complaint fails to provide the proper factual basis for each claim asserted or the specific legal theory supporting each claim so as to give Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). Plaintiff again fails to allege a single fact that would provide the Court, or any Defendant, with notice regarding the conduct on which he bases his purported claims or what laws give rise to his claims. Nor does he state any intelligible basis for jurisdiction. Without a factual, legal, or jurisdictional basis, the Court is left with little to analyze or consider.

Indeed, after scrutinizing Plaintiff's third attempt at putting forth an adequate pleading, the following allegations can be gleaned: Plaintiff is the descendant of the "original free white persons of North America"; Plaintiff is also a named Defendant; he is heir to his ancestral estate, which includes his inherited trust title; fraudulent statements were made in the form of criminal complaint CR-2015-132145-001 on September 15, 2014 by Defendant Sean Kelly Neal; and Defendant Cynthia Gailketsis, an Administrative Law Judge, issued a warrant and bond which caused Plaintiff's false arrest. For such purported wrongs, Plaintiff seeks rescission of an unconscionable contract that may have been endorsed under duress or deception, $50,000 in civil penalty for fraud and loss of freedom, and all funds from the alleged inherited trust account, or, alternatively, that he be

indemnified for the loss of freedom caused by fraudulent statements by Defendants and be provided relief for a lost or stolen bond obligation. Plaintiff also threatens sanctions against Defendants. Interspersed throughout the foregoing allegations and remedies sought are a scattershot of citations to the Bankruptcy Code, House Joint Resolutions, and the United States Constitution untethered to any factual allegations or discrete counts. Distilled to the preceding, it is clear that Plaintiff's claims remain factually and legally deficient and are not in compliance with this Court's Orders.

Because Plaintiff again cites a criminal action and makes vague allegations regarding an Administrative Law Judge, the Court reiterates that to the degree Plaintiff's purported claims arise from a state court criminal action and seek redress under 42 U.S.C. § 1983—which provides for a private right of action against a state actor for a constitutional violation—this Court is an improper venue. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not bring a § 1983 suit to challenge the validity of his conviction or sentence, unless the plaintiff can demonstrate that the conviction or sentence was in some way reversed or invalidated. *Heck* appears to apply to some of Plaintiff's allegations, most notably that fraudulent statements were made in a criminal action leading to an improper arrest. Plaintiff cannot now use a § 1983 action to challenge any arrests that led to any conviction or subsequent imprisonment, and he has failed to allege any facts averring that any conviction—to the degree any exists—was invalidated or reversed. As a result, from the facts alleged, Plaintiff does not, and cannot, state a claim under § 1983.

Because Plaintiff's Second Amended Complaint does not make any significant changes to his previous Complaints and still fails to state how this Court has jurisdiction over any of his claims, what those claims may be, or any facts showing that Defendants' actions were contrary to law, it utterly fails to satisfy the pleading requirements. Moreover, Plaintiff again fails to precisely allege who the Defendants are. Indeed, one named Defendant in this iteration is, apparently, Plaintiff himself. Because the Court has given Plaintiff multiple opportunities to amend his Complaint and warned him that this was his

final opportunity, and because it does not appear that he can cure the defects in his Complaint by amendment, the Court will dismiss Plaintiff's Second Amended Complaint, this time with prejudice.

**IT IS THEREFORE ORDERED** dismissing Plaintiff's Second Amended Complaint (Doc. 11) with prejudice.

**IT IS FURTHER ORDERED** denying Plaintiff's Amended Motion for Rule 19 Joinder of Parties (Doc. 15) as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case.

Dated this 20th day of April, 2017.

Honorable John J. Tuchi
United States District Judge